UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ISRAEL MALDONADO, | Case No. 1:12-cv-01630-DLB PC |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |
| v. | |
| FACILITY 4A BUILDING 8 STAFF, et al., | ECF No. 1 |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

I.  **Background**

Plaintiff Israel Maldonado ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On August 15, 2012, Plaintiff filed his Complaint in the Northern District of California. The case was transferred to this Court on October 3, 2012, and is presently before the Court for screening. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of Complaint

Plaintiff is incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, at the time these events occurred.[1] Plaintiff names as Defendants: the Facility 4A Building 8 staff, and J. Gonzales, A. Martinez, and R. Nicholas.

Plaintiff alleges the following. On July 22, 2012[2], while walking back from visiting, an unknown officer holding Plaintiff's right bicep was talking crazy. Plaintiff asked him if he had a personal issue with Plaintiff. The officer stated that Plaintiff was his female dog, and was tired of Plaintiff asking to speak with a lieutenant. Plaintiff was then pushed for no reason into the building 8 sharp-edged door, and shoved a couple more times. Plaintiff asked him what the problem was. Plaintiff was then hit on his knee and fell to the floor and attacked. Plaintiff was shackled and handcuffed at the time. Plaintiff was strangled and slammed face first on the ground. Afterwards, Plaintiff was walked to a holding cell located in the dining hall. False reports were written regarding the incident.

Plaintiff had been previously cell-extracted on May 29, 2012, and medical staff did not report any injuries. Plaintiff refused to be seen by the doctor.

Plaintiff complains that he was not allowed to attend the law library on July 19, 2012.

Plaintiff contends an Eighth Amendment violation and denial of access to the law library. Plaintiff requests as relief release from prison, and an investigation into his bank account number

---

[1] Though it is unclear where the events alleged occurred, Plaintiff is incarcerated at CCI, and the Court presumes that the events alleged occurred there.
[2] Plaintiff contends that the date was "Sunday 22, 2012." The only Sunday that corresponds to Plaintiff's allegations are January, April, and July of 2012. The Court presumes that Plaintiff means July.

and being defrauded.  Plaintiff also requests disciplinary action against the officers who wrote false reports.

### III. Analysis

#### A. Improper Request for Relief

Plaintiff has requested release from prison.  Release from prison can only be granted by means of a habeas corpus action.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Plaintiff thus fails to state a claim.  There are other pleading issues with regards to his claims.

#### B. Eighth Amendment – Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  *Hudson*, 503 U.S. at 8.  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  *Id.* (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  *Hudson*, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind."  *Id.* at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Id.* at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  *Id.* (internal quotation marks and citations

omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

While Plaintiff has alleged facts which may indicate the use of excessive force, Plaintiff has failed to link a Defendant to the violation. Plaintiff has not specified which Defendant was involved in the alleged incident. "Facility 4A Building 8 Staff" is not a cognizable person for purposes of 42 U.S.C. § 1983. "Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A group of unidentified defendants is not a "person." Plaintiff names three individual Defendants, but fails to allege facts which indicate that they deprived Plaintiff's rights under the Constitution or federal statutes. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

### C.   Access to the Courts

Inmates have a fundamental right of access to the courts which "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *limited in part on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996). The right "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Lewis*, 518 U.S. at 356-57.

Plaintiff fails to state a claim regarding access to the law library. Plaintiff contends that he has a right to access the law library. However, Plaintiff is entitled not to access, but rather a means of litigation.

### IV.   Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

1  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended
2  complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

3   If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P.
4  8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's
5  constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the
6  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."
7  *Twombly*, 550 U.S. at 555.

8   Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,
9  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*,
10 *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*,
11 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or
12 superseded pleading," L. R. 220.

13   Accordingly, based on the foregoing, it is HEREBY ORDERED that:

14   1. The Clerk's Office shall send Plaintiff a complaint form;

15   2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first
16 amended complaint within **thirty (30) days** from the date of service of this order;

17   3. Plaintiff may not add any new, unrelated claims to this action via the first amended
18 complaint and any attempt to do so may result in an order striking the first amended complaint; and

19   4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure
20 to obey a court order and failure to state a claim.

IT IS SO ORDERED.

  Dated:  **April 6, 2013**      /s/ *Dennis L. Beck*
                                   UNITED STATES MAGISTRATE JUDGE